**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6864**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWIGHT L. BAILEY,

Defendant - Appellant.

**No. 20-6870**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWIGHT L. BAILEY,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Abington.  James P. Jones, District Judge.  (1:17-cr-00029-JPJ-1; 1:17-cr-00036-JPJ-1; 1:19-cv-81395-JPJ; 1:19-cv-81403-JPJ)

Submitted:  March 3, 2021                          Decided:  March 25, 2021

Before AGEE and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Dwight L. Bailey, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwight L. Bailey seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

In his informal brief, Bailey's sole argument is that his trial counsel rendered ineffective assistance by, among other things, failing to file a direct appeal of his criminal judgment. *See* 4th Cir. R. 34(b) (directing appealing parties to present specific arguments in an informal brief and stating that this court's review on appeal is limited to the issues raised in the informal brief); *see also Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.4 (4th Cir. 2004) (explaining that appellate assertions not supported by argument are deemed abandoned). To succeed on a claim of ineffective assistance of counsel, a movant must show that counsel's performance was constitutionally deficient and that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984). To satisfy the performance prong, the movant must demonstrate "that counsel's representation fell below an objective standard of reasonableness" as evaluated "under prevailing professional norms." *Id.* at 688. To satisfy the prejudice prong, the movant

must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As relevant here, defense counsel is often, but not always, required to consult with the defendant about his right to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 479-80 (2000). Specifically, counsel owes a constitutional "duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. However, counsel may be relieved of this obligation if, at sentencing, the "court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult." *Id.* at 479-80. Ultimately, a court must consider the totality of the circumstances to determine whether defense counsel owed a duty to consult, *id.* at 480, which, in this context, means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes," *id.* at 478.

This defendant is a well-educated medical doctor who was represented by retained counsel at trial and convicted on multiple counts of illegally distributing prescription drugs. Upon reviewing the record, we conclude that reasonable jurists would not debate whether trial counsel owed and violated a duty to Dr. Bailey to consult about a possible appeal, nor debate about whether there was prejudice to Dr. Bailey. In his document initiating his application for habeas relief, Dr. Bailey alleges only that his retained counsel (Jones) quoted him a fee of $20,000.00 to handle an appeal which Dr. Bailey said he could not

4

afford and that Dr. Bailey was dissatisfied with Jones' handling of the trial. He does not allege the absence of appropriate information and consultation about his appellate rights from Jones. He does not allege he wanted to appeal or that he informed Jones of that fact. Instead he believes his retained counsel should have filed a notice of appeal because of Dr. Bailey's indigency and "proceeded to represent Bailey pro bono on direct appeal, even if counsel thought that there was no strong meritorious issue to raise." Appellant's Br. 2. These allegations are patently insufficient to support a right to habeas relief, even giving Dr. Bailey every consideration normally accorded a pro se litigant.

Assuming for the sake of argument that there had been insufficient consultation with Dr. Bailey by his retained attorney about Dr. Bailey's right to appeal as an indigent, there was no prejudice to Dr. Bailey as the record clearly reflects that the district court following sentencing reviewed with Dr. Bailey, among other things related to an appeal, his right to appeal, the availability of the Clerk to file the notice of appeal for him and, in the case of indigency, the chance to avoid the prepayment of cost. In its order denying Dr. Bailey relief when this action was before it, the district court noted that it knew from having seen Dr. Bailey's presentence report containing a summary of Dr. Bailey's assets and liabilities that Dr. Bailey had substantial assets, that he was not indigent, and that he would not have qualified for a free lawyer or avoidance of costs. Consequently, there was no prejudice to Dr. Bailey.

For the foregoing reasons, we deny a certificate of appealability on Dr. Bailey's failure-to-consult claim. We have addressed the only claim argued on appeal and, having denied a certificate of appealability, dismiss the appeal. We dispense with oral argument

5

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*